IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–00581–EWN–MJW

UNITED STATES *ex rel.*
ROBERT G. BABB II,

    Plaintiff, and

BRINGING THIS ACTION ON BEHALF OF
THE UNITED STATES OF AMERICA,

    Plaintiffs,

v.

NORTHROP GRUMMAN CORPORATION, and
NORTHROP GRUMMAN MISSION SYSTEMS, INC.,

    Defendants.

---

## ORDER

---

This matter is before the court on "Defendant's Motion to Dismiss Relator's First Amended Complaint Pursuant to F.R.C.P. 12(b)(6) and 9(b) and, in the Alternative, Motion to Strike Pursuant to F.R.C.P. 12(f)" (#36), filed February 20, 2007. Jurisdiction is premised upon 28 U.S.C.A. § 1331 (West 2007).

After Defendant filed its motion to dismiss, Plaintiff filed a motion to amend his complaint. (Pl.'s [Resubmitted] Mot. to File Second Am. Compl. [filed Mar. 13, 2007].) Therein, Plaintiff's counsel certified that Defendant did not oppose the motion to amend. (*Id.*) Accordingly, on

March 19, 2007, Magistrate Judge Watanabe granted Plaintiff's motion. (Minute Order [filed Mar. 19, 2007].)

A pleading that has been amended under Federal Rule of Civil Procedure 15(a) supercedes the pleading it modifies. *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). In the instant case, there can be no question that Plaintiff's second amended complaint supersedes his first amended complaint. Thus, Defendant's motion to dismiss is moot because it is directed at an inoperative pleading.

Based on the foregoing it is therefore ORDERED that:

Defendant's motion to dismiss (#36) is DENIED as moot.

Dated this 19th day of June, 2007

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge