IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

United States, *ex rel.*
**ROBERT G. BABB, II,** and
bringing this action on behalf of
**THE UNITED STATES OF AMERICA**
    **Plaintiffs**

v.                                                                 Civil Action No.: 06-cv-00581-EWN-MJW

**NORTHROP GRUMMAN CORPORATION,** and
**NORTHROP GRUMMAN SPACE AND
MISSION SYSTEMS CORPORATION**
    **Defendants**

## PROTECTIVE ORDER

THIS MATTER comes before the Court on Defendants Northrop Grumman Corporation and Northrop Grumman Space and Mission Systems Corporation's ("Defendants") Unopposed Motion for Protective Order. The Court, being fully advised on this matter, hereby:

ORDERS that the Motion is GRANTED. The Court enters this Protective Order as follows:

1. Material produced by the Defendants in this matter may contain information that Defendants consider Confidential. Defendants assert the disclosure of such Confidential Information outside the scope of this litigation could result in significant injury to Defendants' business or privacy interests. The Court enters this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document (as defined in Fed. R. Civ. P. 34), file, portions of files, transcribed testimony, or response to a discovery request, including

any extract, abstract, chart, summary, note, or copy made therefrom (not made available to the public), that is marked with the words "Confidential," "Proprietary," "Private," "For Official Use Only," "FOUO," or any combination thereof. No material shall be designated as "Confidential Information" if it has not been previously treated by the Defendants as Confidential Information.

3. All Confidential Information provided by Defendants in this matter may be disclosed only to Relator's counsel, employees of such counsel, experts retained by such counsel, anticipated witnesses, and persons employed by the party who are assisting counsel in the prosecution of this case. Such disclosures may be made only to the extent reasonably necessary for the prosecution of this matter.

4. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order. An individual authorized to review Confidential Information may discuss the Confidential Information with Counsel or a Party and may divulge it in testimony offered during a deposition or at a hearing, in summaries or reports that are authorized for use in this action under law or the Federal Rules of Civil Procedure, provided that Counsel authorizing such individual to review Confidential Information otherwise complies with this Protective Order. This provision should not be interpreted as precluding any application to the Court for additional protection beyond that provided for in this Protective Order.

5. No copies of Confidential Information shall be made except by or on behalf of counsel or any other individual who is authorized to review such Confidential Information in this litigation and such copies shall be made and used solely for purposes of this litigation.

6. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order — until Termination of This Case.

[MJW 7-9-07]

7. Within 90 days of the termination of this litigation, including any appeals, Relator's counsel shall immediately return (or certify under oath to the destruction of) upon a request from Defendants all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.

8. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

So Ordered this 9Th day of July 2007.

BY THE COURT:

_____
United States Magistrate Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO