IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00581-EWN-MJW

ROBERT G. BABB, II, et al.,

Plaintiffs,

v.

NORTHROP GRUMMAN CORPORATION, et al.,

Defendants.

---

**ORDER REGARDING UNITED STATES' MOTION TO STAY PROCEEDINGS
PENDING RULING ON MOTION TO DISMISS (DOCKET NO. 110)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This matter is before the court on the United States' Motion to Stay Proceeding

Pending Ruling on Motion to Dismiss (docket no. 110).  The court has reviewed the

motion and the response filed by Defendant Northrop Grumman Corporation (docket

no. 117).  The Relator Robert G. Babb II has not filed any response to the subject

motion.  In addition, the court has taken judicial notice of the court's file and has

considered applicable Federal Rules of Civil Procedure and case law.  The court now

being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

This court set the date of September 4, 2007, for Relator Robert G. Babb II and

2

Defendant Northrop Grumman Corporation to respond to the subject motion.  Since the

Relator Robert G. Babb II has failed to file any timely response, this court deems the

motion confessed by Relator Robert G. Babb II.  Moreover, Defendant Northrop

Grumman Corporation agrees with the subject motion and is also requesting that this

court grant the subject motion.

A stay may be appropriate pending the resolution of a dispositive motion if the

motion would resolve the entire case and the stay will not unduly prejudice the

opposing party.  Namoko v. Milgard Mfg., Inc., 2007 WL 1063564, *1 (D. Colo. Apr. 6,

2007); Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C.

1988).

Here, the court finds that the case of Ridenour v. Kaiser Hill Co., L.L.C., 397

F.3d 925, 938 (10th Cir. 2005), is directly on point.  In Ridenour, the Tenth Circuit noted

that seeking to avoid an inadvertent disclosure of classified information is a rational

basis for dismissing a qui tam case, even if the risk to national security is "minimal."  Id.

at 937.  Furthermore, in Ridenour, District Judge Walker D. Miller and Magistrate

Judge Patricia A. Coan stayed discovery pending resolution of the motion to dismiss,

and the Tenth Circuit approved the stay.  Accordingly, for these reasons, the subject

motion should be granted.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **ORDERS**:

1.      That the United States' Motion to Stay Proceeding Pending Ruling

3

on Motion to Dismiss (docket no. 110) is **GRANTED**;

2.  That all proceedings and discovery are **STAYED** until further Order

of Court, except that the United States may file a motion to dismiss

pursuant to 31 U.S.C. § 3730(c)(2)(A) and the other parties may

respond to such motion;

3.  That the United States has up to and including October 31, 2007,

to file its motion to dismiss pursuant to 31 U.S.C. § 3730(c)(2)(A);

and,

4.  That the parties shall file a joint status report on or before

November 30, 2007.

Done this 13th day of September 2007.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
UNITED STATES MAGISTRATE JUDGE